# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JORDAN ROBERT LEWIS, § <br> TDCJ No. 01930214, § <br> § <br> Petitioner, § <br> § <br> v. § <br> § <br> BOBBY LUMPKIN, Director, § <br> Texas Department of Criminal Justice, § <br> Correctional Institutions Division, § <br> § <br> Respondent. § | | Civil No. SA-20-CA-01415-XR |

## MEMORANDUM OPINION AND ORDER

Before the Court are *pro se* Petitioner Jordan Robert Lewis's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1), Petitioner's Memorandum in Support (ECF No. 2), Respondent Bobby Lumpkin's Answer (ECF No. 14), and Petitioner's Reply (ECF No. 16) thereto. Petitioner challenges the constitutionality of his 2014 state court conviction for aggravated robbery, arguing (1) the conviction constitutes double jeopardy, (2) he received ineffective assistance, and (3) he was constructively denied counsel at a critical stage of the proceedings. In his answer, Respondent contends Petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with Respondent that Petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, for the reasons discussed below, the Court concludes Petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

## I. Background

In May 2014, Petitioner was convicted by a Wilson County jury of one count of aggravated robbery and one count of aggravated assault. Petitioner received a fifty-year sentence for each count, with the sentences to run concurrently. *State v. Lewis*, No. 13-11-205-CRW (81st Dist. Ct., Wilson Cnty., Tex. May 12, 2014); (ECF No. 15-1 at 91-94). Petitioner's convictions were affirmed on direct appeal in an unpublished opinion and his petition for discretionary review (PDR) was later refused by the Texas Court of Criminal Appeals on April 13, 2016. *Lewis v. State*, No. 01-14-00557-CR, 2016 WL 316366 (Tex. App.—Houston [1st Dist.], Jan. 26, 2016, pet. ref'd); *Lewis v. State*, No. PD-0143-16 (Tex. Crim. App.).[1]

On March 1, 2017, Petitioner filed a state habeas corpus application challenging the constitutionality of both counts of his state court conviction, arguing the aggravated assault conviction (count two) was barred by double jeopardy as a result of his conviction for aggravated robbery (count one). (ECF No. 15-6 at 4-96). The Texas Court of Criminal Appeals agreed and granted relief on November 15, 2017, thus setting aside Petitioner's aggravated assault conviction. *Ex parte Lewis*, No. 86,781-01 (Tex. Crim. App.); (ECF Nos. 15-2, 15-3). Two years later on November 20, 2019, the opinion was amended to include the following sentence: "All relief requested on count one is denied." (ECF No. 15-9). Petitioner later placed the instant federal habeas petition in the prison mail system on October 19, 2020. (ECF No. 1 at 13).

## II. Timeliness Analysis

Respondent contends Petitioner's federal habeas petition is barred by the one-year limitation period of 28 U.S.C. § 2244(d). Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

---

[1] *See also* http://www.search.txcourts.gov, search for "Lewis, Jordan" last visited July 13, 2021.

> judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this case, Petitioner's conviction became final July 12, 2016, ninety days after the Texas Court of Criminal Appeals refused his PDR and when the time for filing a petition for writ of certiorari to the United States Supreme Court expired. *See* Sup. Ct. R. 13; *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) ("§ 2244(d)(1)(A) . . . takes into account the time for filing a certiorari petition in determining the finality of a conviction on direct review"). As a result, the limitations period under § 2244(d) for filing a federal habeas petition challenging his underlying conviction and sentence expired a year later on July 12, 2017. Because Petitioner did not file his § 2254 petition until October 19, 2020—over three years after the limitations period expired—his petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

**A.      Statutory Tolling**

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). There has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented Petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B). There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D).

Petitioner is, however, entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending

shall not be counted toward any period of limitation under this subsection." As discussed previously, Petitioner challenged the constitutionality of both counts of his state court conviction by filing a state habeas application on March 1, 2017. While the Texas Court of Criminal Appeals granted relief with respect to the aggravated assault conviction (count two) in November 2017, the court apparently did not rule on Petitioner's aggravated robbery claims (count 1) until November 20, 2019, when it amended its opinion to indicate that relief on count one was denied. Accordingly, Petitioner's state habeas application tolled the limitations period for a total of 995 days, making his federal petition due April 2, 2020. Again, he did not file the instant § 2254 petition until October 19, 2020, over six months too late.

B. **Equitable Tolling**

In some cases, the limitations period may be subject to equitable tolling. The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). However, equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner fails to establish that equitable tolling should apply in this case. In his reply (ECF No. 16), Petitioner appears to request tolling based on the Supreme Court cases of *Martinez v. Ryan*[2] and *Trevino v. Thaler*,[3] arguing that the denial of counsel during his state

---

2   566 U.S. 1 (2012).

2   569 U.S. 413 (2013).

habeas proceedings should excuse his untimeliness. But *Martinez* and *Trevino* addressed exceptions to the procedural default rule—they do not apply to the statute of limitations or equitable tolling. *See Trevino*, 569 U.S. at 429 (holding the Texas bar on subsequent state habeas applications "will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.") (citing *Martinez*, 566 U.S. at 17).[4] Thus, neither case provides a basis for equitable tolling.

Further, Petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period. *U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling). Because Petitioner has not met his burden of demonstrating a rare or extraordinary circumstance beyond his control caused the late filing of his federal habeas petition, equitable tolling does not apply.

Petitioner also fails to demonstrate that he has been pursuing his rights diligently. Each of the allegations in Petitioner's federal petition concern the constitutionality of his May 2014 conviction for aggravated robbery, yet Petitioner did not submit his state habeas corpus application challenging this conviction until March 1, 2017, almost eight months after his convictions had already become final under the AEDPA's statute of limitations. This delay alone weighs against a finding of diligence. *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir.

---

[4] *See also, e.g.*, *Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014) (holding that "the *Martinez* rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period."); *Cathcart v. Davis*, 2019 WL 1318364, at *3 (N.D. Tex. Mar. 8, 2019), *report and recommendation adopted*, 2019 WL 1316031 (N.D. Tex. Mar. 22, 2019) (concluding that *Martinez* and *Trevino* address procedural default rather than the limitations period and do not support a petitioner's claim for equitable tolling); *Anacleto v. Stephens*, 2014 WL 3012528, at *2 (W.D. Tex. July 2, 2014) (same).

2010) (affirming the denial of equitable tolling where the petitioner had waited seven months to file his state application). Further, Petitioner fails to provide any legitimate reason why he waited eleven months after the Texas Court of Criminal Appeals amended its opinion in November 2019 to file the instant petition in this Court.

Because Petitioner does not assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court, his petition is untimely and barred by § 2244(d)(1).

### III. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id*. In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court

was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484). In that case, a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason, but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

### IV. Conclusion and Order

After careful consideration, the Court concludes that Petitioner's § 2254 petition (ECF No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, Petitioner is not entitled to federal habeas corpus relief.

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and Petitioner Jordan Robert Lewis's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely;

2. No Certificate of Appealability shall issue in this case; and

3. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

SIGNED this July 13, 2021

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE